IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE FORD, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | Civil Action No. _____ |
| GENESIS FINANCIAL SOLUTIONS, INC., and SPRING OAKS CAPITAL SPV, LLC, | § § § § | |
| *Defendants.* | § § | |

## NOTICE OF REMOVAL

Defendants Genesis Financial Solutions, Inc., and Spring Oaks Capital SPV, LLC, hereby remove to this Court the state court action described below:

## I.  INTRODUCTION

### A.    THE COMPLAINT

1.      On July 10, 2023, Steve Ford ("Plaintiff") filed this action on behalf of himself and a statewide Maryland putative class.

2.      The Complaint was filed in the Circuit Court for Montgomery County, Maryland. Case Number C-15-CV-23-002691, and is titled Steve Ford, individually and on behalf of all others similarly situated v. Genesis Financial Solutions, Inc. ("Genesis") and Spring Oaks Capital SPV, LLC ("Spring Oaks") (the "Complaint").

3.      The Complaint correctly alleges (a) Genesis is incorporated under the laws of Delaware, with its principal place of business in Oregon, and (b) Spring Oaks is a limited liability company organized under Delaware law with its principal place of business in Virginia. (Compl. ¶¶ 30, 31.) Plaintiff is a resident and citizen of the State of Maryland. (Compl. ¶ 29.)

4.     The Complaint alleges that Genesis "marketed, originated, serviced, and collected on … credit card loan products" without a required license to do so under Maryland law. (Compl. ¶ 34.)  The Complaint further alleges that "Genesis is a loan broker and de facto lender; it is not a servicer."  (Compl. ¶ 39.)

5.     Based on these and other allegations, the Complaint alleges Genesis violated several provisions of the Maryland Credit Service Business Act (the "MCSBA") and the Maryland Consumer Loan Law, Md. Code Ann. Com. Law §§12-301 *et seq.* (the "MCLL"). (Compl. ¶¶ 6-21.)  Finally, the Complaint asserts that because of these alleged violations, the loans made to Plaintiff and putative class members are "void and unenforceable."

6.     By way of relief, Plaintiff's Complaint seeks a declaration that "the contracts for Genesis's services are void and unenforceable, that the Plaintiff and Class Members' Genesis loan accounts are void and unenforceable, and that Genesis was never entitled to collect any amounts from [Plaintiff] and Class Members." (Compl. ¶ 24.) Based on this, the Complaint also seeks a ruling that "Genesis must return all payments made to it by Plaintiff and Class Members within the past twelve years under the MCLL." (Compl. ¶ 25.)

**B.     BASIS FOR REMOVAL**

7.     Pursuant to 28 U.S.C. § 1446(a), Genesis has attached all pleadings filed in the record of the state court proceedings as Exhibits 1-8.

8.     Genesis and Spring Oaks were both served with this lawsuit on July 11, 2023. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

9.     Plaintiff's Complaint is removable to this Court, and this Court has jurisdiction over this litigation, pursuant to the Class Action Fairness Act ("CAFA"). Removal is proper under CAFA, 28 U.S.C. §§ 1332, 1441 (a) and (b), and 1453, because this is a putative class

action with more than 100 putative class members and the amount in controversy with respect to putative class members is in excess of $5,000,000, and there is minimal diversity.

## II.   THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

10.   Plaintiff filed this putative class action Complaint seeking to certify a class under Rule 2-231 of the Maryland Rules of Civil Procedure (the Maryland equivalent to Rule 23 of the Federal Rules of Civil Procedure) on behalf of:

> All Maryland residents who Genesis assisted to obtain consumer loans in the amount of $25,000 or less, where the loan application originated in Maryland and where Genesis received, through agreements with a third-party financial institution, the exclusive right to collect all payments of principal, interest, and fees on the loan.

> Excluded from the class are all persons whose claims are barred by the applicable statute of limitations, all employees or representatives of Defendants, and all court personnel.

(Compl. ¶ 27.) Plaintiff also seeks to represent a subclass of "all Class Members whose accounts were assigned to Spring Oaks Capital (the "Subclass")." (Compl. ¶ 28.)

11.   CAFA reflects Congress's intent to have federal rather than state courts adjudicate substantial class action suits brought against out-of-state defendants. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where: (1) the putative class contains at least 100 class members; (2) any member of the putative class is a citizen of a State different from that of any defendant; (3) and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs.  28 U.S.C. § 1332(d).

12.   This suit satisfies all the requirements under CAFA for federal jurisdiction, therefore removal is proper. Based upon the allegations in the Plaintiff's Complaint: (1) the putative class exceeds 100; (2) members of the proposed class have a different citizenship from

Defendants; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

## A.   THE PUTATIVE CLASS SIZE EXCEEDS 100

13.   As an initial matter, CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). This requirement is clearly met here. Plaintiff alleges that the putative class "is so numerous that joinder of all members is impracticable."  (Compl. ¶ 129.)

14.   Furthermore, Plaintiff's class definition, which must be used for purposes of this removal, asserts a class of all Maryland citizens who (1) obtained a consumer loan of less than $25,000 through Genesis where the loan application originated in Maryland and (2) a subclass of all Class Members whose accounts were assigned to Spring Oaks Capital.  (Compl. ¶¶ 27, 28.) There were more than 1,000 citizens who obtained loans under $25,000 through Genesis in Maryland. (*See* Exhibit 9, Declaration of Jeffrey Giacomi.)  Under Plaintiff's class definition, these citizens would be members of the putative class. (Compl. ¶¶ 24, 25.)  Therefore, the requirement that the number of members of the putative class exceed 100 has easily been met.

## B.   THERE IS MINIMAL DIVERSITY SUFFICIENT TO ESTABLISH CAFA JURISDICTION

15.   The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than one defendant. 28 U.S.C. § 1332(d)(2).

16.   Here, the putative class is comprised solely of Maryland residents, and it is clear that at least one putative class member is a citizen of Maryland, namely the named Plaintiff. (Compl. ¶ 29.)  Further, the Defendants are Genesis, which is alleged to be a foreign non-Maryland company headquartered and incorporated in Oregon, and Spring Oaks, alleged to be a foreign non-Maryland company headquartered and incorporated in Virginia. (Compl. ¶¶ 30-31.)

In fact, Genesis is incorporated in Oregon with its principal place of business in Oregon and is therefore a citizen of the State of Oregon for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

17.    Thus, there is clearly minimal diversity here and this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

**C.    THE CAFA AMOUNT IN CONTROVERSY REQUIREMENT OF $5,000,000 IS MET**

18.    CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, based upon Plaintiff's allegations and theories (which Genesis disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is easily satisfied.

19.    The gravamen of Plaintiff's Complaint is that Genesis improperly originated loans in Maryland. (Compl. ¶¶ 24-25.) Plaintiff's Complaint then seeks Declaratory Relief that all loans originated by Genesis through a third-party financial institution are void and unenforceable as to all class members. For relief, the Complaint seeks the return of all payments made by Class Members to Genesis within the past twelve years. (Compl. ¶ 25.)

20.    In cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also Gonzales v. Fairgate Props. Co.*, N.V., 241 F.Supp.2d 512, 517 (D. Md. 2002). In very similar circumstances, District Courts sitting in Maryland have determined that when a complaint seeks a finding that a debt is void, the entire amount of the debt is "at issue." *See Wright v. Fannie Mae*, No. WDQ-12-3713, 2013 WL 5276554 at *3 (D. Md. Sept. 16, 2013) (When plaintiff sought a declaration a deed of trust was void, the value of the outstanding loan was the amount in

controversy); *Void v. One West Bank*, No. DKC 11-0838, 2012 WL 113443 at *1 (D. Md. Jan. 12, 2012) (when seeking to void a promissory note, the amount of the note determined the amount in controversy).

21.    With respect to the more than 1,000 putative class members, the financing obtained and utilized by these Maryland citizens to purchase merchandise through Genesis' private-label credit card programs in 2023 exceeds $7,000,000.00, so the combined value of the "debt" at issue based on Plaintiff's allegations is more than $7,000,000.00. *See* Exhibit 9. Accordingly, the $5,000,000 CAFA amount in controversy requirement has been met.

### D.    THE EXCEPTIONS TO CAFA DO NOT APPLY HERE

22.    Finally, the exceptions to CAFA do not apply, so removal is proper. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. 28 U.S.C. § 1332(d)(3)-(4). In this case none of these exceptions apply. Each of the CAFA exceptions requires, as a starting point, an in-state Defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state Defendant (local controversy exception) or requiring the "primary defendant" to be an in-state one ("home state" and discretionary exceptions to CAFA)). Here, the Defendants are foreign non-Maryland companies. As such, none of the CAFA exceptions can possibly apply here.[1]

23.    Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable under CAFA.

---

[1] The CAFA exceptions would also fail for a multitude of other reasons, and Genesis reserves its rights to assert all arguments it has should Plaintiff decide to raise the CAFA exceptions in a motion to remand.

WHEREFORE, Defendant Genesis Financial Solutions, Inc. respectfully requests that this Court assume full jurisdiction over this action.

Dated: August 9, 2023

Respectfully submitted,

*/s/Cynthia L. Maskol*
Cynthia L. Maskol, Esq. (Bar No. 25390)
Cynthia.Maskol@wilsonelser.com
Wilson Elser Moskowitz Edelman Dicker LLP
250 W. Pratt Street, Suite 2200
Baltimore, Maryland 21201
Phone: 410-539-1800
Fax:  410-962-8758

and

Ryan M. McComber (*pro hac* to be filed)
Texas Bar No. 24041428
ryan.mccomber@figdav.com
Timothy A. Daniels (*pro hac* to be filed)
Texas Bar No. 05375190
tim.daniels@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 – fax

ATTORNEYS FOR DEFENDANTS
GENESIS FS CARD SERVICES, INC. and
SPRING OAKS CAPITAL SPV, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF, and have also emailed a copy of this Notice to Benjamin H. Carney, Esquire and Richard S. Gordon, Esquire, Gordon, Wolf & Carney, Chtd., 11350 McCormick Road, Executive Plaza 1, Suite 1000, Hunt Valley, Maryland  21031, counsel for Plaintiff and putative class.

*/s/Cynthia L. Maskol*
Cynthia L. Maskol, Esq. (Bar No. 25390)