**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| STEVE FORD, *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br>v.<br><br>GENESIS FINANCIAL SOLUTIONS, INC., *et al.*,<br>Defendants. | Case No. 8:23-cv-02156-DLB<br><br>Hon. Deborah L. Boardman |

# Final Order Approving Settlement and Certifying Settlement Class

Upon review and consideration of the Settlement Agreement (ECF No. 47-2) (the "Settlement Agreement") by and between the Representative Plaintiff Steve Ford (acting individually and on behalf of the Settlement Class defined below) and Defendant Genesis Financial Solutions, Inc. ("Genesis"), and after review of the memoranda and arguments of counsel,

IT IS HEREBY ORDERED and adjudged as follows:

1. This Court preliminarily certified the Settlement Class for settlement purposes by Order entered on April 14, 2026:

> All Maryland residents who obtained credit in the amount of $25,000 or less, who made at least one purchase or took at least one cash advance, and who made at least one payment, where the credit application was submitted from Maryland, and where Genesis owns, through agreements with a third-party bank, the exclusive right to collect all payments of principal, interest and fees on the loan.

ECF No. 48 ("Preliminary Approval Order") ¶ 3. Excluded from the class are all persons whose claims are barred by the applicable statute of limitations, all employees or representatives of Defendants, and all Court personnel. *Id.* ¶ 4. Based on the declarations of the Settlement Administrator and the case docket, the Court finds that the Settlement Class List identified 123,233 members; that notice reached 99.63% of the Settlement

Class; that only one person opted out; that no objections were filed; and that 3,904 Claim Forms were received. Following a quality assurance review, the Settlement Administrator identified 148 duplicate submissions and rejected 142 submissions by persons who were not Settlement Class Members, resulting in 3,614 Valid Claims, including 119 otherwise valid late claims accepted with the parties' consent.

2. Pursuant to Fed. R. Civ. P. 23, and as discussed below, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The relief provided for the Class in the Settlement is adequate and the proposal treats Class members equitably relative to each other. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

3. As addressed further below, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby finally certifies the Settlement Class.

4. The Court finds that the notices disseminated pursuant to the Preliminary Approval Order were in compliance with the Preliminary Approval Order and constituted the best notice practicable under the circumstances and satisfy the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that all persons identified on the Class List who have not opted out fall within the Class definition above.

5. The person who timely opted out of the Settlement Class, as reflected by paragraph 10 of the June 12, 2026 Declaration of Christian Labow, is not a Settlement Class member.

6. The Court finds that pursuant to the Settlement Agreement, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendant Genesis timely served notices of the settlement on the appropriate state and federal regulatory authorities on March 27, 2026. No state or federal regulatory authority has sought to intervene or object.

7. The Court appoints Steve Ford as the Class Representative of the Settlement Class and finds that he meets the adequacy requirements of Fed. R. Civ. P. 23(a)(4).

8. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following lawyers as Class Counsel for the Settlement Class and finds that these counsel meet the adequacy requirements of Fed. R. Civ. P. 23(a)(4):

Benjamin H. Carney
Richard S. Gordon
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Rd.
Executive Plaza 1, Suite 1000
Hunt Valley, Maryland 21031

In making this appointment, the Court has considered the work counsel performed in identifying and investigating the claims, their extensive experience in consumer class action litigation, their knowledge of the applicable law, and the substantial resources they have committed and continue to commit to representing the Settlement Class. The Court finds that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Benjamin Carney is hereby appointed as Lead Counsel for the Class.

9. The Court further finds, for settlement purposes only, that all the requirements for class certification are met in this case.

**(a) The Class Certification Requirements of *Fed. R. Civ. P.* 23(a)**

Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds that the class certification requirements of Fed. R. Civ. P. 23(a) are met.

**i. Ascertainability, and Fed. R. Civ. P. 23(a)(1) (Numerosity).** As Genesis has confirmed in the Settlement Agreement that thousands of persons are Settlement Class members, and has provided a Class List identifying Settlement Class members, the Class is ascertainable and so numerous that joinder of all members is impracticable;

**ii. Fed. R. Civ. P. 23(a)(2)(Commonality).** There are questions of law or fact common to the Settlement Class, including whether Genesis' alleged actions constituted violations of the Maryland Consumer Loan Law, Md. Code Ann., Com. Law, § 12-314 ("MCLL");

**iii. Fed. R. Civ. P. 23(a)(3) (Typicality).** The claims of the Representative Plaintiff are typical of the claims of the Settlement Class that Representative Plaintiff seeks to certify, as Representative Plaintiff's claims center on the same facts and legal theories which are central to Settlement Class members' claims; and

**iv. Fed. R. Civ. P. 23(a)(4) (Adequacy).** Representative Plaintiff and his counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiff and the Settlement Class has been shown, and Representative Plaintiff has retained counsel experienced in class action litigation (Fed. R. Civ. P. 23(a)(4)).

**(b) The Class Certification Requirements of Fed. R. Civ. P. 23(b)(3)**

Pursuant to the Agreement, and for settlement purposes only, the Court finds that the prerequisites of Fed. R. Civ. P. 23(b)(3) are met, as:

i. The questions of law or fact common to Settlement Class members, and which are relevant for Settlement purposes, predominate over the questions affecting only individual Settlement Class members, because the lawsuit and Settlement Agreement concern, for all Settlement Class members, the application of the same statutes to the same facts, including materially similar conduct by Genesis; and

ii. Certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy, because in the absence of class certification, Settlement Class members would as a practical matter face difficulty in seeking relief for the relatively small individual claims alleged in this lawsuit.

10. The Court finds that settlement class certification is appropriate after considering (A) the interest of members of the class in individually controlling the prosecution of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the difficulties likely to be encountered in the management of a class action. In particular, the Court finds that individual class members do not have an interest in individually controlling the prosecution of separate actions which weighs against class certification, as such individual actions would be impractical; there is no other litigation concerning this controversy already commenced by members of the class; and that the nature of this class certification as for settlement neutralizes any concerns about litigation in a particular forum, and the manageability of a contested class action.

11. **The Fed. R. Civ. P. 23(e) Requirements**

The Court finds that the Settlement is fair, reasonable, and adequate considering the factors listed in Fed. R. Civ. P. 23(e)(2).

i. **Fed. R. Civ. P. 23(e)(2)(A) (adequate representation):** The Court finds that the Representative Plaintiff and Class Counsel adequately represented the Settlement Class in this case. Class Counsel vigorously litigated the case and arrived at the proposed Settlement only after extensive research into the applicable law and factual issues, after a fully litigated appeal to the Fourth Circuit, after a petition for certiorari to the U.S. Supreme Court, and after intensive in-person mediation and negotiations including the exchange of information, facilitated by the parties' mediator, the Hon. James R. Eyler (Ret.). The Court finds that the Representative Plaintiff actively cooperated with Class Counsel and saw this case through to settlement. Thus, the Court finds that the requirement of adequate representation under Fed. R. Civ. P. 23(e)(2)(A) is satisfied.

ii. **Fed. R. Civ. P. 23(e)(2)(B) (arms-length negotiation):** The Court finds that the Parties participated in intensive mediation and negotiations supervised by Judge Eyler, including in-person mediation followed by extensive negotiations involving mutual give and take and competing demands and responses. Thus, the Court finds that the requirement of arms-length negotiation under Fed. R. Civ. P. 23(e)(2)(B) is satisfied.

iii. **Fed. R. Civ. P. 23(e)(2)(C) (adequate relief):** This Court finds that the relief provided to the Class is adequate considering: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of

attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). This Court finds that had this case proceeded to trial Plaintiff and the Class would have faced risk, incurred extensive costs and experienced significant delay in recovery. This Court finds that the distribution and claims process is adequate as it prescribes an equal distribution of the common settlement fund to all Authorized Claimants whose Valid Claims have been accepted. The Settlement Administrator has completed its final quality assurance review and determined that 3,614 Settlement Class Members submitted Valid Claims. Based on the current funds available for distribution, each Authorized Claimant is expected to receive an initial Individual Settlement Payment of approximately $1,102.74, subject to adjustments required under the Settlement Agreement. This Court also finds that the requested attorney's fee and costs award of $1,700,000, to be paid by Genesis and not deducted from the $4 million Settlement Payment Fund available to Settlement Class members, is reasonable considering Class Counsel's work and the significant benefit obtained for the Settlement Class under the Settlement Agreement. The only additional agreements required to be identified under Rule 23(e)(3) are the Parties' agreement to accept 119 late Claim Forms submitted after the Claims Deadline, and the Parties' agreement that Genesis would pay the mediation costs to Judge Eyler in this case. The Court finds those agreements appropriate and approves the acceptance of the identified late claims. Thus, the Court finds that the requirement of adequate relief under Fed. R. Civ. P. 23(e)(2)(C) is satisfied.

iv. **Fed. R. Civ. P. 23(e)(2)(D) (Class members treated equally):** This Court finds that the Settlement Agreement treats class

members equitably relative to each other. All Authorized Claimants are entitled to equal Individual Settlement Payments in accordance with the settlement agreement. Thus, the Court finds that the requirement of equal treatment under Fed. R. Civ. P. 23(e)(2)(D) is satisfied.

12. After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Representative Plaintiff's case on the merits; the existence of difficulties of proof and defenses Representative Plaintiff would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of Genesis and the likelihood of recovery on a litigated judgment; the lack of any opposition to the settlement and only one opt-out from the settlement; all written submissions; affidavits and arguments of counsel; and after notice and a hearing, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement is approved and shall govern all issues regarding the settlement and all rights of the Parties to this settlement, including Settlement Class members. Each Settlement Class member shall be bound by the Agreement, including the releases in the Settlement Agreement.

13. The Parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement, and the Settlement Administrator is hereby DIRECTED to make payments to those Settlement Class members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

14. The Motion for Award of Attorney's Fees and Costs to Class Counsel is GRANTED. In accordance with ¶ 27(d) of the Settlement Agreement, Genesis shall pay $1,700,000 in attorney's fees and costs to Class Counsel.

15. The Motion for Approval of Incentive Award to the Representative Plaintiff is GRANTED. In accordance with ¶ 27(c) of the Settlement Agreement, Genesis shall pay $25,000 as an incentive payment to the Representative Plaintiff.

16. The Court hereby approves the protocol for distributing the *cy pres* funds provided for in ¶ 27(f)(5) of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. Any *cy pres* funds in this case shall be evenly divided between the CASH Campaign of Maryland, the Maryland Council on Economic Education and the University of Maryland Francis King Carey School of Law.

17. All Released Claims of each Settlement Class member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

18. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

19. This action and all released claims are dismissed with prejudice in accordance with the Settlement Agreement. This Order constitutes a final judgment.

BY ORDER OF THE COURT.

Dated: October 20, 2026

Hon. Deborah L. Boardman
United States District Judge